UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ST. PAUL GUARDIAN INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 1:06CV5 CDP |
| SHANNON & WILSON, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Defendant Shannon & Wilson, Inc., joined by defendant Burlington Northern and Santa Fe Railway Company ("BNSF"), seeks a stay of this insurance coverage declaratory judgment case pending resolution of the underlying state court proceedings. Plaintiffs St. Paul Guardian Insurance Company and St. Paul Fire & Marine Insurance Company (collectively "St. Paul") oppose a stay, arguing that the issues in this case are distinct from the state court issues. Because I find that the state court proceeding does not involve substantially the same issues as this case, the state court suit is not a parallel proceeding. Therefore I have applied the six-factor test adopted by the Eighth Circuit in Scottsdale Insurance Company v. Detco Industries, Inc., 426 F.3d 994 (8th Cir. 2005), and I conclude that a stay is not appropriate here.

## Background

In January 2004, BNSF, a defendant in this case, filed suit in the Circuit Court of the City of St. Louis against Lone Star Industries, another defendant in this case. BNSF alleged that activities at Lone Star's quarry in Cape Girardeau, Missouri caused sinkholes to develop on BNSF's railroad right-of-way and lead to a train derailment in 1997. Lone Star asserted counterclaims against BNSF and third-party claims against Shannon & Wilson, the final defendant in this case, and Strata Services, who is not a party to this suit. Related litigation has been going on since shortly after the derailment.

As stated above, BNSF owned the tracks and the right of way. Shannon & Wilson provided services to BNSF. This insurance coverage dispute centers on what the nature of those services were.

St. Paul issued certain liability policies to Shannon & Wilson. St. Paul seeks a declaratory judgment that it has neither a duty to defend nor a duty to indemnify Shannon & Wilson and BNSF against Lone Star's claims in the state court suit.[1] St. Paul alleges that its policies do not cover property damages resulting from engineering services or testing or consulting errors, and that Shannon & Wilson's liability in the underlying suit, if any, is not covered by the policies.

---

[1] St. Paul accepted the defense of the state suit on behalf of Shannon & Wilson and BNSF, subject to a reservation of rights.

## **Discussion**

In <u>Wilton v. Seven Falls Company</u>, 515 U.S. 277 (1995), the Supreme Court held that district courts have broad discretion when deciding whether and when to entertain an action under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Court expressly limited its holding to cases where there was a parallel state court proceeding. <u>Id.</u> at 290. Defendants argue that the state case is parallel to this one; St. Paul argues that it is not. The amount of discretion this court has to stay the case varies depending on the answer to that threshold question.

In a recent Eighth Circuit declaratory judgment action between an insurer and insured, <u>Scottsdale Insurance Company v. Detco Industries, Inc.</u>, 426 F.3d 994 (8th Cir. 2005), the Court of Appeals reversed the district court's dismissal of the suit after finding that a pending state court action was not a parallel proceeding and that no relevant factors weighed in favor of abstention. The Court of Appeals recognized that the Supreme Court limited its holding in <u>Wilton</u> to cases where parallel proceedings were pending. Finding that no parallel proceeding existed, the court ruled that the considerations of practicality and wise judicial administration were diminished and therefore, so was the level of district court discretion. The court then adopted the Fourth Circuit's six-factor test, finding it an appropriate test given the level of district court discretion in a case with no parallel action. The six factors are:

> (1) whether the declaratory judgment sought 'will serve a useful purpose in clarifying and settling the legal relations in issue'; (2) whether the declaratory judgment 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding'; (3) 'the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts'; (4) 'whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending'; (5) 'whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"'; and (6) 'whether the declaratory judgment action is being used merely as a device for "procedural fencing" - that is, "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable."'

Id. at 998 (quoting Aetna Cas. & Sur. Co. v. Ind-Com Electric Co., 139 F.3d 419, 422 (4th Cir. 1998)(internal citations omitted)).

"Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" Scottsdale, 426 F.3d at 997 (quoting New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am., 946 F.2d 1072, 1073 (4th Cir. 1991)). I conclude that the issues in the two actions here are not substantially the same.

The state court suit brought by BNSF against Lone Star, and the third party claim against Shannon & Wilson, seeks indemnity and contribution for damages BNSF paid to others as a result of the 1997 train derailment. The state case is essentially a liability case with issues that include negligence, failure to provide subjacent and/or lateral support, and nuisance. This federal declaratory judgment

suit, on the other hand, raises issues of coverage and requires interpretation of the insurance contracts between the parties as well as a determination of the nature of the services provided by Shannon & Wilson. While some of the same factual evidence will undoubtedly be relevant, the state court issues revolve around whether Shannon & Wilson's performance of its services were deficient in some way. This case is not concerned with the quality of the services, but rather is concerned with the nature of the services and whether they are covered under the policy. As in Scottsdale, the state suit here involves issues regarding the insured's liability, whereas this suit involves matters of insurance coverage. See 426 F.3d at 997. Although there may be some overlapping factual issues, that is not enough to find that the suits are parallel. Id. Because I find that the issues in the state court proceeding are not substantially the same as the issues before this Court, the proceedings are not parallel.

St. Paul argues that the Eighth Circuit's holding in Scottsdale is distinguishable from this case because the court was deciding the appropriateness of a dismissal rather than a stay of the federal action. Although Scottsdale did involve the reversal of a dismissal order, the court's discussion of the proper extent of discretion exercised by district courts considered both outcomes of dismissal and stay. 426 F.3d at 998 (discussing "discretion in determining whether to dismiss or stay declaratory judgment actions when there are no parallel state court

proceedings"). The court relied heavily on <u>Wilton</u>, which involved a stay. <u>Id.</u> at 996-998. The distinction between a stay and dismissal is not determinative here, and I find the court's discussion in <u>Scottsdale</u> directly applicable to this case.

After applying the six-factor test adopted in <u>Scottsdale</u>, I conclude that a stay is not appropriate in this case.[2] Both factors one and two weigh in favor of this case's proceeding. A ruling on the coverage issue would clarify the legal relations between the parties to this suit and would terminate the coverage dispute. Factors three and four also weigh against a stay. The insurance contract between the parties was entered into in the state of Washington and it is likely that the substantive law of the state of Washington will apply. Missouri has no particular state interest in deciding the coverage issue here, a decision on this issue would in no way conflict with any state court determination in the pending liability suit, and there is no efficiency gained by waiting for the state court decision. In fact, since no

---

[2] Defendant Shannon & Wilson refers the Court to an Eastern District of Tennessee case, <u>State Automobile Mutual Insurance Company v. Turner Funeral Home, Inc.</u>, No. 1:05-CV-61, 2006 WL 686872 (E.D. Tenn. Mar. 13, 2006), as an example of a "thorough application" of the six-factor test. In <u>Scottsdale</u>, the Eighth Circuit cited the Sixth Circuit test applied in that case as a "similar test[]." 426 F.3d at 998. However, besides the fact that the Sixth Circuit test only has five factors whereas the Eighth Circuit test has six, I find the method of application of the factors in <u>State Automobile</u> to be inconsistent with the Eighth Circuit's approach in <u>Scottsdale</u>. For example, the Eastern District of Tennessee interprets the factor of 'whether the declaratory action would settle the controversy' as an analysis of whether the issues in both the state and federal suits would be settled by a ruling in the declaratory judgment action. <u>State Automobile</u>, 2006 WL 686872 at *3. On the other hand, factor two in the Eighth Circuit's analysis examines whether a decision in the declaratory judgment suit would provide relief from controversy for the issues and parties to that suit alone. <u>Scottsdale</u>, 426 F.3d at 999. Therefore, <u>Scottsdale</u> will be used by the Court as the example of the correct application of the Eighth Circuit test.

parallel case is pending in state court, judicial economy is served by deciding this case here in federal court.

As to factor five, allowing this suit to go forward would not result in 'unnecessary entanglement' between the federal and state court systems. Again, like Scottsdale, "[a]ny common issues do not hinge on the same questions of law - the state action sounds in tort and the federal action in contract." 426 F.3d at 999. This federal action requires an interpretation of the insurance contract between the parties. The relevant facts will be whether the services provided by Shannon & Wilson are covered by the policies. The state court action involves issues of Missouri tort law which will not depend on the same factual determinations. St. Paul admits that there will be facts common to both suits regarding a general description of the kind of work that was done by Shannon & Wilson. However, these overlapping facts are insignificant and would not create entanglement between the court systems.

Finally, I find that St. Paul is not using this action as a device for 'procedural fencing,' the concern of factor six. Plaintiffs in this suit are not named parties in the state court litigation. There is no concern that a judgment here would be used to preclude a judgment in state court. Therefore, all six factors weigh in favor of this declaratory judgment suit proceeding without delay.

Shannon & Wilson also argues that this case is not ripe for review since the issue of liability has not yet been resolved. It alleges that the coverage question is a hypothetical question until liability has been determined, and that the Eighth Circuit has ruled that deciding hypothetical questions is a misuse of limited judicial resources. See Century Indemnity Co. v. McGillacuty's, Inc., 820 F.2d 269, 270 (8th Cir. 1987). However, in a more recent Eighth Circuit opinion, the Court found a declaratory judgment suit between insurer and insured ripe for decision on the issue of policy coverage when no underlying liability suit had even been filed against the insured. Aetna Cas. & Sur. Co. v. General Dynamics Corp., 968 F.2d 707, 711 (8th Cir. 1992) (reversed district court's holding that the case was not ripe as to four of the sixteen sites because no suit had been filed nor any settlements achieved at the four sites). Also, the Eighth Circuit did not prevent the Scottsdale case from going forward on a finding of unripeness, and that case involved facts similar to this one. Therefore I will deny defendants' requests to stay this action.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Shannon & Wilson's and defendant Burlington Northern and Santa Fe Railway Company's motions to stay [#27, 31] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of May, 2006.